FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANA PRESCOTT

    **Plaintiff,**

v.

GALENCARE, INC. d/b/a BRANDON
REGIONAL HOSPITAL, and MEDICREDIT, INC.

    **Defendants.**

_____/

CASE NO.:

8:16cv956T 26 TGW

## COMPLAINT

Plaintiff, Dana Prescott, by and through the undersigned counsel, sues Galencare, Inc., d/b/a Brandon Regional Hospital and Medicredit, Inc., and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"); Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"); and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* and the TCPA, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

1



4.     Venue is proper in this district because the Plaintiff suffered the injury in Hillsborough County, Florida.

## PARTIES

5.     Plaintiff Dana Prescott ("Ms. Prescott" or "Plaintiff") is a natural person who resides in Hillsborough County, Florida. Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(8). Plaintiff is also a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227.

6.     Defendant, Galencare, Inc. d/b/a Brandon Regional Hospital ("Brandon Regional") is a Florida corporation, does business in the State of Florida, is a "and is a "person" under Fla. Stat. § 559.72.

7.     Defendant, Medicredit, Inc ("Medicredit") is a Missouri corporation, does business in the State of Florida, is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(7); and a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227.

8.     Defendant, in the conduct of their businesses, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

9.     The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

2

## FACTUAL ALLEGATIONS

10. Ms. Prescott utilized medical services from Brandon Regional, which generated fees associated with those services (the "Debt").

11. Ms. Prescott began receiving phone calls to her personal cell phone from Brandon Regional and Medicredit in approximately November 2015, in attempt to collect the Debt.

12. The Debt is a personal debt related to Ms. Prescott's medical treatment; therefore, the Debt is a "debt" as defined by 15 U.S.C § 1692a(5).

13. Ms. Prescott informed both Brandon Regional and Medicredit representatives that she would not make any payments on the Debt. She also instructed representatives at Brandon Regional and Medicredit to stop calling her cell phone.

14. Nevertheless, Brandon Regional and Medicredit continued to repeatedly call Ms. Prescott's cell phone in effort to collect the Debt.

15. Medicredit continued to repeatedly call Ms. Prescott's cell phone approximately one (1) time a day, two (2) to three (3) times a week.

16. All calls made by Brandon Regional and Medicredit were made by an automated telephone dialing system and were made to Ms. Precott's cell phone without her consent. This was evidenced when Ms. Prescott would answer and hear either an automated voice or there would be a click, beep, or delay before an operator was connected to Ms. Prescott.

17. As detailed below, Defendants' conduct constitutes a violation of the FCCPA, FDCPA, and the TCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT BRANDON REGIONAL

18. This is an action against Defendant, Brandon Regional, for violation of Fla. Stat. § 559.55 *et seq.*

19. Plaintiff re-alleges and incorporates paragraphs 1 through 16, as fully set forth herein.

20. Brandon Regional communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

21. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

22. Through its conduct, described above, Brandon Regional directly and through its agents violated the above sections of the FCCPA.

23. All conditions precedent to this action have occurred, have been satisfied or have been waived.

24. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Brandon Regional is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

25. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Brandon Regional as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

26. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Brandon Regional, finding that Brandon Regional violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE FCCPA BY DEFENDANT MEDICREDIT

27. This is an action against Defendant, Medicredit, for violation of Fla. Stat. § 559.55 *et seq.*

28. Plaintiff re-alleges and incorporates paragraphs 1 through 16, as fully set forth herein.

29. Medicredit communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

30. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

31. Through its conduct, described above, Medicredit directly and through its agents violated the above sections of the FCCPA.

32. All conditions precedent to this action have occurred, have been satisfied or have been waived.

33. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Medicredit is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

34. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Medicredit as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

35. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Medicredit, finding that Medicredit violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE FDCPA BY DEFENDANT MEDICREDIT

36. This is an action against Medicredit for violation of 15 U.S.C. § 1692 *et seq.*

37. Plaintiff re-alleges and incorporates paragraphs 1 through 16, as fully set forth herein.

38. Through the conduct described above, Medicredit violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

39. As a result of Medicredit's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

40. All conditions precedent to this action have occurred, have been satisfied or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Medicredit has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT IV

## VIOLATION OF THE TCPA BY BRANDON REGIONAL

41. This is an action against Brandon Regional for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

42. Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth here-in.

43. Brandon Regional, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

44. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

45. Brandon Regional violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

46. Brandon Regional willfully, knowingly, and intentionally made multiple calls to

8

Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

47. All conditions precedent to this action have occurred, have been satisfied or have been waived.

48. As a result of the above violation of the TCPA, Brandon Regional is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

49. Based upon the willful, knowingly, and intentional conduct of Brandon Regional as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully request this Court enter a judgment against the Brandon Regional: (1) finding Brandon Regional violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Brandon Regional willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT V

## VIOLATION OF THE TCPA BY MEDICREDIT

50. This is an action against Medicredit for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

51. Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth here-in.

52. Medicredit, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

53. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

54. Medicredit violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

55. Medicredit willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

56. All conditions precedent to this action have occurred, have been satisfied or have been waived.

57. As a result of the above violation of the TCPA, Medicredit is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

58. Based upon the willful, knowingly, and intentional conduct of Medicredit as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the

damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully request this Court enter a judgment against the Medicredit: (1) finding Medicredit violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Medicredit willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: April 20, 2016

Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:     (813) 336-0832

_____
BRIAN L. SHRADER, ESQ.
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION
## BY PLAINTIFF, DANA PRESCOTT

I, Dana Prescott, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____  
Dana Prescott

Date 4/15/16